On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the May 4, 2018 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
I respectfully dissent from this Court's order denying leave to appeal because I agree with the Court of Appeals dissent that the ex post facto issue here was not properly before the Court of Appeals. Therefore, I would vacate the part of the Court of Appeals judgment that addresses this issue.
Following jury trials in the 1990s, 16-year-old defendant Christopher Wiley and 17-year-old defendant William Rucker were convicted of first-degree murder and possessing a firearm during the commission of a felony, and each was sentenced to life without parole. After Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and Montgomery v. Louisiana , 577 U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), were decided by the United States Supreme Court and MCL 769.25a was enacted, defendant Wiley was resentenced to 25 to 60 years' imprisonment and defendant Rucker was resentenced to 30 to 60 years' imprisonment. In a published and split decision, the Court of Appeals held that MCL 769.25a(6), pertaining to good-time and disciplinary credits, was unconstitutional.[1] Specifically, the Court of Appeals held that MCL 769.25a(6) violates the federal and state Ex Post Facto Clauses because *577 Michigan's statutory scheme allowed defendants to earn good-time and disciplinary credits at the time defendants' crimes were committed and the elimination of such credits in MCL 769.25a(6) increased defendants' punishments. The dissenting judge, however, concluded that the ex post facto issue was not properly before the Court of Appeals because "the sole issue raised is whether a nonparty (the Parole Board or the Michigan Department of Corrections (MDOC) ) may-in the future -constitutionally apply MCL 769.25a(6) to the unchallenged sentences imposed by the trial court" and that as a result defendants are not "aggrieved parties" under MCR 7.203(A) because they are not seeking relief from their sentences as imposed by the trial court. People v. Wiley , 324 Mich. App. 130, 168-169, 176, 919 N.W.2d 802 (2018) ( BOONSTRA , J., concurring in part and dissenting in part) (emphasis added).[2] I agree with Judge BOONSTRA .
MCR 7.203(A) provides, in pertinent part, "The court [of appeals] has jurisdiction of an appeal of right filed by an aggrieved party ...." Defendants here are not arguing that the trial court violated the Ex Post Facto Clauses; rather, they are arguing that the MDOC or the Parole Board may violate the Ex Post Facto Clauses in the future if they apply MCL 769.25a(6) at that time. In other words, defendants are not arguing that they have been aggrieved by the trial court's sentencing orders; instead, they are concerned that they might be aggrieved in the future by the MDOC or the Parole Board if they apply MCL 769.25a(6). Accordingly, the issue is simply not ripe and defendants were not in any way aggrieved by the trial court orders. See Federated Ins. Co. v. Oakland Co. Rd. Comm. , 475 Mich. 286, 292, 715 N.W.2d 846 (2006) ("[A] litigant on appeal must demonstrate an injury arising from either the actions of the trial court or the appellate court judgment rather than an injury arising from the underlying facts of the case.").
Indeed, both parties recognized this truism at one point or another while this case was pending in the Court of Appeals. In response to defendants' appeals in the Court of Appeals, the prosecutor argued that the issue was not ripe. And in response to the prosecutor's briefs on appeal, both defendants moved to voluntarily dismiss their appeals.
However, when the Attorney General took over representation on behalf of the prosecutor, he opposed defendants' motions, contending that defendants had moved to dismiss their appeals only because of the pendency of a related class action challenge in federal court. The Court of Appeals then denied these motions. Furthermore, at oral arguments in that court, counsel for defendants agreed with the prosecutor's initial argument that the issue was not ripe.
Because I agree with the Court of Appeals dissent that the ex post facto issue is not ripe and that defendants were not aggrieved parties in the Court of Appeals, i.e., they were not aggrieved or harmed by *578 the trial court's sentencing orders, I would vacate the part of the Court of Appeals opinion addressing the ex post facto issue.
Finally, if the ex post facto issue were properly before this Court, I would grant leave to appeal rather than simply deny leave. The Court of Appeals has struck down a Michigan statute on the grounds that it violates both the federal and state Constitutions. When a lower court strikes down an enactment of the Legislature as unconstitutional, this Court, the highest court of our state, should as a general proposition carefully review that decision because "[s]tatutes are presumed to be constitutional, and we have a duty to construe a statute as constitutional unless its unconstitutionality is clearly apparent." In re Sanders , 495 Mich. 394, 404, 852 N.W.2d 524 (2014).
Zahra and Wilder, JJ., join the statement of Markman, C.J.

MCL 769.25a(6) provides:
A defendant who is resentenced under subsection (4) shall be given credit for time already served, but shall not receive any good time credits, special good time credits, disciplinary credits, or any other credits that reduce the defendant's minimum or maximum sentence.

Judge Boonstra concurred in the majority's decision to the extent it held that defendant Rucker's resentencing did not violate the Sixth Amendment.